## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. COMMISSIONERS OF ESTIMATE AND ASSESSMENT—POWER TO ALTER PLAN OF ASSESSMENT.

Commissioners of estimate and assessment in proceedings to acquire land for opening a street may alter or amend the plan of assessment therefor by extending the area of assessment.

2. SAME—REPORT—CONFIRMATION.

The report of commissioners of estimate and assessment in proceedings to acquire land for a street, which does not express the free judgment of even a majority of the commissioners, but which is made in obedience to the erroneous advice of the corporation counsel that the power to alter the district of assessment does not exist, and under the stress of a threat to apply for their removal with the consequent loss of fees, will not be confirmed.

Appeal from Special Term, Kings County.

Proceedings to acquire land for the purpose of opening Seventy-First street from Third avenue to Shore Driveway in Ward 30, borough of Brooklyn, city of New York. From an order confirming the report of the commissioners of estimate and assessment, certain property owners thereby affected appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

M. E. Finnigan, Geo. C. Blanke, and Stephen M. Hoye, for appellants.

Charles S. Taber, for respondent.

PER CURIAM. We think that it was in the power of the commissioners to extend the area of assessment. There is nothing in the charter of the city of New York expressly forbidding such an alteration or amendment of the plan of assessment, and, while the fixing of the respective amounts to be assessed as benefits may be an exercise of the taxing power, the ascertainment and determination of the lands deemed to be benefited by the improvement is a judicial act. The propriety, however, of the proposed extension of the limit of assessment is not under review on this appeal, and no opinion is expressed thereon.

It is undisputed that the report does not express the free and unbiased judgment of even the majority members of the commission by whom it has been signed. It was made in obedience to the advice of the learned assistant corporation counsel that the power to amend or alter the district of assessment does not exist, and under the stress of a written threat to apply for the removal of the commissioners with the consequent deprivation of fees.

Under the circumstances we think the order of confirmation should
be reversed, with $10 costs and disbursements, and the proceedings
remitted to the commissioners for further and final consideration and
determination.

Order of confirmation reversed, with $10 costs and disbursements, and pro-
ceedings remitted to the commissioners for further and final consideration
and determination.